HARDY, Judge.
This is a proceeding by plaintiff, as judgment creditor, on rule to traverse the answers of the Antioch Baptist Church, as garnishee under writs of garnishment issued under fi. fa. against the judgment debtor. After hearing on the rule to traverse, judgment was rendered in favor of plaintiff ordering the garnishee to pay over to plaintiff “all of the amounts which it has under its control that is due by it to E. L. Brown, DBA Superior Stone Company.” From this judgment the garnishee, respondent in rule, has appealed.
Plaintiff, after procuring judgment on October 24, 1956, against defendant, E. L. Brown, DBA Superior Stone Company, in the principal sum of $1,467.50, caused a writ of fieri facias to issue and proceeded by garnishment process against Antioch Baptist Church, domiciled in Bossier City, *212 Louisiana, which was allegedly indebted to the defendant, E. L. Brown. The interrogatories served upon the garnishee were not timely answered and plaintiff tendered a judgment pro confesso against the garnishee which the district judge refused to sign, directing that notice be given to the garnishee and further opportunity be afforded for answering pursuant thereto. Subsequent to this action the garnishee answered the interrogatories, denying any indebtedness to defendant, and plaintiff filed a rule to traverse the answers of garnishee.
The facts established on trial of the rule to traverse show that on or about March 1, 1957, the Antioch Baptist Church entered into a written contract with the Superior Stone Company for certain installations therein specified and agreed to pay, upon performance of the work, the sum of $4,421; that by an instrument executed in March, 1957, Superior Stone Company, represented by Elvin L. Brown, assigned to one Dudley V. Snow the sum of $2,421 out of funds due assignor by Antioch Baptist Church; that the whereabouts of Elvin L. Brown were unknown at the time of trial of the rule, and that certain debts for labor and material in connection with his work were due and unpaid by the said Brown to the extent of a total of $1,123.
In support of garnishee’s contention that it owed nothing to Brown an attempt was made to establish certain other indebtedness on the part of the church, but it is clear from the record that these debts had no connection with the contractual obligation between Brown and the church and were, therefore, entirely irrelevant to the issues here presented
After hearing on the rule the district judge first rendered judgment in favor of plaintiff and against the garnishee to the extent of 20% of all amounts under control of the said garnishee due to the account of E. L. Brown, but upon motion for rehearing the judgment was amended to the extent of ordering the garnishee to pay plaintiff all amounts under its control due to E. L. Brown.
Before this court plaintiff has answered the appeal of the garnishee, praying for a pro confesso judgment in favor of plaintiff in the full amount of his judgment, and, alternatively, for judgment in favor of plaintiff and against the garnishee in the sum of $877.
In support of the contention that judgment should be rendered pro confesso, counsel for plaintiff urges that answers to the interrogatories were not timely filed by the garnishee. We think this matter addressed itself to the discretion of the court, and since counsel has not asserted any facts nor cited any authority which would indicate an abuse of discretion on the part of the trial judge, it follows that this contention must be disallowed.
Next, counsel for plaintiff urges that the assignment from Brown to Snow was not binding upon third persons in the absence of evidence that notice of the assignment was given to and accepted by the debtor, citing Rosenblath v. Rice, La.App., 73 So.2d 812, and Article 2643 of the LSA-Civil Code. This point appears to us to be supertechnical, inasmuch as it has been raised only by way of argument in counsel’s brief. On trial of the rule the pastor of Antioch Baptist Church testified as to the assignment. Implicit in his testimony is his knowledge of the assignment and the recognition by the church of its validity. Counsel for plaintiff made no attempt in the course of his examination to question the witness on the issue of notice, and, in view of this omission, whether intentional or unintentional, it would appear most inequitable to accept the validity of this argumentative contention. In view of the lack of positive testimony to the contrary, we think the conclusion that the church, through its pastor, was cognizant of the assignment, is eminently justified.
*213 It is further urged on behalf of plaintiff that he has no interest in any of Brown’s obligations and is concerned only with the indebtedness of the garnishee to the judgment debtor. It must be borne in mind that the garnishee has the right to protect itself against Brown’s obligations in connection with the performance of his contract. It is a duty of the court to protect a garnishee against the possibility of double liability; First State Bank v. Burton, 222 La. 1030, 64 So.2d 421. The un-controverted testimony of the pastor of the garnishee church establishes the existence of certain obligations for labor and materials incurred by Brown in connection with the performance of his contract to the extent of $1,123, which sum the garnishee has the right to retain in its hands for its own protection.
The effect of the allowance of the amount covered by the assignment from Brown to Snow and of the amounts due by Brown for services and materials in connection with the performance of his contract leaves a principal balance of $877 under the control of the garnishee, for which sum plaintiff is entitled to judgment under these proceedings.
We perceive no persuasive reason for the acceptance of the argument by counsel for garnishee which urges that the judgment against the garnishee be declared a complete nullity and be set aside. A garnishee who has funds in his possession or under his control, due and owing to a judgment debtor, is simply a stakeholder and has no real interest in the disposition thereof so long as he is protected against subsequent claims arising from the source of the indebtedness. Since, as has been above set forth, we have provided adequate protection for the garnishee against the claims of third persons for funds in its possession, it has no further interest in the disposition of the balance due under its contractual obligation.
For the reasons assigned the judgment appealed from is amended to the extent of ordering the garnishee, Antioch Baptist Church, Inc., to pay to plaintiff the sum of $877, and, as amended, the judgment is affirmed at appellant’s cost.